UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN JAMES,<br>*Plaintiff*<br><br>v.<br><br>DEPUTY J. JILES and DEPUTY<br>GLENN LARCOM,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 1:22-cv-00149-RP-SH |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ROBERT PITMAN**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6), filed April 5, 2022 (Dkt. 8); Plaintiff's Response to Defendants' Motion to Dismiss, filed April 18, 2022 (Dkt. 12); and Defendants' Reply, filed April 29, 2022 (Dkt. 14). On April 12, 2022, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 10.

### I. Background

In response to the COVID-19 global pandemic, on August 11, 2021, Travis County Judge Andy Brown issued County Judge Order 2021-09; Relating to COVID-19 and Requirement to Wear Face Coverings in Travis County Facilities (the "Mask Order"). The Mask Order stated, in relevant part:

> 2.  All employees entering into or present with a Travis County building, facility or location designated in **Exhibit B** ("County Facility") are required to wear a face covering, except as specifically noted in this Order.

> 3. All visitors and customers, including members of the public and invitees over the age of two (2) (collectively referred to as "Customers"), entering into or present within a Travis County building, facility or location designated in **Exhibit B** (County Facility), are required to wear a face covering, except as specifically noted in this Order.
>
> \*\*\*
>
> 5. For Customers who do not wish to wear a face covering when entering into or visiting a designated County Facility and who do not qualify under any of the Exceptions listed in this Order, will be required to leave the premises and County will provide alternative means to obtain the services without physical entry, such as by telephone or on-line.
>
> 6. Even with the use of appropriate face coverings, Customers should maintain a distance of six (6) feet from others as social distancing whenever possible.

Exhibit 1 to Plaintiff's Complaint ("Mask Order"), Dkt. 1 at 13-14.

On December 21, 2021, Plaintiff Austin James visited the Travis County Records Division ("Records Office") in Austin, Texas to retrieve certified documents. Complaint, Dkt. 1 ¶ 11. Plaintiff alleges that Travis County Constable's Office Deputies J. Jiles and G. Larcom denied him access to the Records Office because he was not wearing a face covering, in violation of the Mask Order. *Id.* ¶ 12. Plaintiff alleges that Larcom warned him he would be arrested for trespassing if he did not leave the property. *Id.* ¶ 20. Plaintiff alleges that Jiles then "pulled his face covering entirely below his chin" and "approached Plaintiff within zero feet of distance." *Id.* ¶¶ 23-24. "Without proper face covering," Plaintiff alleges, Jiles then "pushed Plaintiff out of the office" and said "you're going to do what I tell you to do or we'll take you to jail." *Id.* ¶¶ 25-26. Plaintiff alleges that "Jiles was visibly in violation of the County's Mask Mandate," but unlike Plaintiff, Jiles was "allowed reentry into the Records Office" and "Larcom did not threaten to take Jiles to jail." *Id.* ¶¶ 28-31. There is no indication that Plaintiff was arrested for violating the Mask Order or that any charges were filed against him.

Proceeding *pro se*, Plaintiff filed suit on February 17, 2022 under 42 U.S.C. § 1983 against Jiles in his individual capacity and Larcom in his individual and official capacities. Under a "class of one" theory, Plaintiff alleges that Defendants arbitrarily enforced the Mask Order against him, in violation of his equal protection rights under the Fourteenth Amendment. *Id.* at 4. Plaintiff further alleges that:

- Defendants conspired to violate his Fourteenth Amendment rights, in violation of 42 U.S.C. § 1985;

- He "was publicly humiliated by Larcom for being refused entry and having to sit in the middle of the parking lot to discuss the situation." *Id.* ¶ 52;

- The Mask Order conflicts with the Governor of the State of Texas's Executive Order No. GA-38, issued July 29, 2021, which states that "no person may he required by any jurisdiction to wear or to mandate the wearing of a face covering." *Id.* ¶ 7; and

- He "has been unable to work and earn wages since the day's events due to the mental anguish and emotional distress caused by Jiles." *Id.* ¶ 54.

Plaintiff seeks compensatory damages, punitive damages and injunctive relief.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the Motion.

## II. Legal Standards

The Court applies the following standards of review in analyzing the Motion to Dismiss.

### A. Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

**B.  Section 1983**

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To state a claim under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Claims under Section 1983 may be brought against persons in their individual or official capacity, or against a governmental entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

4

## C. *Pro Se* Pleadings

"It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Thus, *pro se* litigants "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.*

## III. Analysis

Plaintiff alleges that Defendants arbitrarily enforced the Mask Order against him, in violation his Fourteenth Amendment rights. Defendants argue that Plaintiff's lawsuit should be dismissed under Rule 12(b)(6) because (1) they are entitled to qualified immunity with regard to Plaintiff's Fourteenth Amendment claims against them in their individual capacities; (2) Plaintiff's official capacity claim against Larcom fails to state a plausible claim; (3) Plaintiff fails to state a plausible conspiracy claim under 42 U.S.C. § 1985; and (4) Plaintiff's requests for injunctive relief are moot.

### A. Equal Protection Claims

> The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. This immunity protects "all but the plainly incompetent or those who knowingly violate the law," so we do not deny immunity unless "existing precedent must have placed the statutory or constitutional question *beyond debate*."

*Morgan v. Swanson*, 659 F.3d 359, 370-71 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011), and *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to show that (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time. *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019) (quoting *Morgan*, 659 F.3d at 371). Courts

have discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiff attempts to assert a "class of one" equal protection claim against Defendants, claiming that they arbitrarily enforced the Mask Mandate Order against him. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A class of one claim for equal protection alleges differential treatment that is not based on membership in a suspect class or on the infringement of a fundamental right. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *Wood v. Collier*, 836 F.3d 534, 539 (5th Cir. 2016). Courts review such claims under a two-prong test. The plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated, and (2) there was no rational basis for the difference in treatment. *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 233 (5th Cir. 2012).

The inquiry whether a litigant is similarly situated to others "is case-specific" and requires courts "to consider the full variety of factors that an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision." *Lindquist*, 669 F.3d at 234 (cleaned up). When a case involves the application of an ordinance or statute, the plaintiff's and comparators' relationships with the ordinance at issue generally will be a relevant characteristic for purposes of the similarly-situated analysis. *Id.* In *Villarreal v. City of Laredo, Texas*, 44 F.4th 363, 376 (5th Cir. 2022), for example, a journalist who alleged that police selectively enforced Texas's Misuse of Official Information statute against her sufficiently identified similarly situated

6

comparators where she pointed to other journalists who also asked public officials questions regarding nonpublic information but were not arrested.

In this case, Plaintiff's equal protection claim fails because he has not alleged facts showing that he was treated differently than others similarly situated. Plaintiff points to no other customer who attempted to enter the Records Office without a face covering who was not asked to leave. Instead, Plaintiff argues that Jiles is a similarly situated individual because his face covering was pulled down below his chin but he was not denied access to the Records Office.

Jiles, a Travis County Constable who was performing his job duties at the time of the incident, is not an apt comparator because the denial of access portion of the Mask Order applies only to "customers," not employees. *See* Dkt. 1 at 14 § 5. Thus, a similarly situated comparator would be a customer attempting to enter the Records Office without a face covering who was not turned away. *Lindquist*, 669 F.3d at 234. Because Plaintiff fails to identify any customer of the Records Office who was not wearing a face covering who was treated differently than he was, Plaintiff fails to allege an equal protection claim. *See Rountree v. Dyson*, 892 F.3d 681, 685 n. 11 (5th Cir. 2018) (holding that owner of towing business who alleged selective enforcement of suspension of city-issued towing permit did not identify a similarly situated comparator where he failed to point to "other tow-truck operators who had license lapses *and* had complaints filed against them"); *Lindquist*, 669 F.3d at 234-35; *Beeler v. Rounsavall*, 328 F.3d 813, 816-817 (5th Cir. 2003) (rejecting as an equal comparator someone who applied to renew permits where the plaintiff had applied for a new permit).

Because Plaintiff failed to plead a violation of any constitutional right, much less a clearly established one, the officers are entitled to qualified immunity. *Benfield*, 945 F.3d at 337. Consequently, Plaintiff's Fourteenth Amendment claim against Larcom in his official capacity

also fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that claims for damages based on an officer's actions in his official capacity fail when there has been "no constitutional injury at the hands of the individual police officer").

### B. Conspiracy Claim

Plaintiff alleges that Defendants "conspired to deprive Plaintiff of Equal Protection under the Fourteenth Amendment," in violation of 42 U.S.C. § 1985. To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (per curiam).

Where all of the alleged participants in a conspiracy are members of the same collective entity, the conspiracy does not involve two or more people and cannot support a conspiracy claim. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Plaintiff alleges that Defendants are deputies employed by the Travis County Constable. Dkt. 1 ¶¶ 2-3. Accordingly, he has not alleged a viable conspiracy claim. Plaintiff's conspiracy claim also cannot succeed because he has not pleaded a constitutional violation. *See Jackson v. City of Hearne, Texas*, 959 F.3d 194, 200 (5th Cir. 2020) (holding that civil conspiracy claim failed where plaintiff pleaded no constitutional violation); *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) ("[A] conspiracy claim is not actionable without an actual violation of section 1983.").

### C. Injunctive Relief

Plaintiff also seek preliminary injunctive relief, asking the Court to issue the following orders:

> (1) A protective order ensuring Defendant Jiles maintain a safe, out-of-sight distance from Plaintiff and while Plaintiff visits a County building where Jiles is on duty;

8

> (2) An order prohibiting County officials from requiring Plaintiff and his immediate household family members (5 humans and 1 dog in total) ("Plaintiff's Family") wear a face covering as intended by GA-38; and
>
> (3) Declaratory Order acknowledging Plaintiff's Family exempt from any face covering requirement by any government entity in the State of Texas, as intended by GA-38.

Dkt. 1 ¶ 57 [sic].

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.* at 20. The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Because Plaintiff has failed to demonstrate that Defendants violated his constitutional rights, he is not entitled injunctive relief. *See Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 772 (5th Cir. 2007) (holding that plaintiffs did not show a substantial likelihood of success on the merits where the court concluded that no constitutional violation had occurred); *Bridges v. Honecutt*, No. CV H-15-0504, 2016 WL 4030938, at *4 (S.D. Tex. July 26, 2016) ("Because no constitutional violation has been shown, plaintiff is not entitled to injunctive relief.").

Plaintiff's request for injunctive relief regarding the Mask Order also is moot. A matter is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). "It makes sense, then, that a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020).

Travis County terminated the Mask Order on March 22, 2022, after Plaintiff filed suit. Dkt. 8-1. Because the Mask Order has been terminated, Plaintiff's request for an order enjoining Travis County from enforcing the Mask Order is moot. *See Long v. Jayton-Girard Indep. Sch. Dist.*, No. 5:21-CV-111-H, 2021 WL 7906835, at *3 (N.D. Tex. Sept. 3, 2021) (holding that plaintiff's request for injunctive relief requiring school district to terminate mask mandate was moot where school district repealed the mask mandate after lawsuit was filed). Plaintiff also has failed to demonstrate that he is "under a constant threat" that Travis County will use its power to reinstate the Mast Order. *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021). Accordingly, the matter is now moot.

## IV.  Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 8) and **DISMISS** Plaintiff's lawsuit in its entirety **WITH PREJUDICE.**

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on October 3, 2022.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE